UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FALLON FONG, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:12-CV-386-PRC |
| | ) |
| LEHMAN BROTHERS HOLDINGS, INC., | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment of Defendant Lehman Brothers Holdings, Inc. [DE 65], filed on June 30, 2014. Plaintiff has not filed a response, and the time to do so has passed.

**I. Background**

This case began on September 21, 2012, when pro se Plaintiff Fallon Fong filed a six-count Complaint in this Court against a number of financial institutions and banks, alleging causes of action under the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et seq.*), the Truth in Lending Act (TILA) (15 U.S.C. § 1641(g)), and Indiana state law.

On September 3, 2013, District Court Judge Jon DeGuilio issued an Opinion and Order dismissing all claims in Plaintiff's Complaint except the TILA claim against Defendant Lehman Brothers Holdings, Inc. Relevant to this remaining allegation, Plaintiff's Complaint contends that she owned real estate in Lake County, Indiana, which was secured by a mortgage. According to the Complaint, the Promissory Note was separated from the mortgage and sold to Defendant, who, in turn, sold it to a third party. The Complaint alleges that Defendant failed to provide her with notice of the transfer as required by TILA.

As mentioned, Defendant moved for summary judgment on June 30, 2014. On July 8, 2014,

this Court ordered Defendant to serve Plaintiff with a Notice to Pro Se Litigant as required by Northern District of Indiana Local Rule 56-1(f) and *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992). The Court granted Plaintiff thirty days after being served with the Notice to file her response brief. Defendant filed the Notice on the Docket on July 10, 2014. It states in its certificate of service that a copy was mailed to Plaintiff's address. As mentioned, Plaintiff has not responded to the Motion for Summary Judgment, and the time to do so has passed.

On October 24, 2013, the undersigned Magistrate Judge was advised that all remaining parties had orally consented on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. This Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

2

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110–11 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting

materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249–50.

### III. Material Facts

Through the discovery process, Plaintiff has admitted the following facts as true due to her failure to answer or respond to Defendant's Request for Admissions:

1. Defendant Lehman was never a "creditor" under 15 U.S.C. § 1602(g) with respect to the loan referenced in the Complaint.

2. Defendant Lehman was not a "creditor" under 15 U.S.C. § 1602(g) with respect to the loan referenced in the Complaint on or after May 20, 2009.

4

## IV. Analysis

Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." Fed. R. Civ. P. 36(a)(3). "Rule 36(a) is self-executing, meaning that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a request for admissions." *Hardwick v. John and Mary E. Kirby Hosp.*, No. 10-CV-2149, 2011 WL 4433764, * 2 (N.D. Ill. Sept. 22, 2011) (quoting *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 07-CV-2077, 2008 WL 2246960, at *10 (C.D. Ill. May 29, 2008)) (internal quotation marks omitted). While the failure to respond to a request for admission may deprive a party of the opportunity to contest the merits of the case, the result is the orderly disposition of the case. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

Although the Court is aware that pro se litigants face unique challenges, it is generally recognized that procedural rules must be complied with in order to promote an interest in the uniform administration of justice. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). To ensure fairness, "rules apply to uncounseled litigants and must be enforced." *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998).

The Court notes, however, that Defendant failed to file discovery on the docket as required by Northern District of Indiana Local Rule 26-1 in cases involving pro se litigants. N.D. Ind. L.R 26-1. And its Request for Admission did not provide any explanation of the effect of not responding. This notwithstanding, Plaintiff does not contest the propriety of the Requests for Admission or argue that she did not know about the Rule's effect. Indeed, she did not respond to the Motion for Summary Judgment despite receiving a *Timms* Notice. And there is no other evidence before the

Court supporting Plaintiff's allegations that Defendant is a "new creditor" under TILA.

Under Rule 36, default admissions may serve as the factual foundation for summary judgment. *Kasuboski*, 834 F.2d at 1350; *see also McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003). Summary judgment is properly granted against the party who makes no response to a request to admit as to undisputed material facts supporting such a judgment. *Kasuboski*, 834 F.2d at 1350. The Court thus takes the admitted facts as true for purposes of summary judgment and turns to the legal arguments before the Court.

TILA requires "new creditors" of mortgage loans to notify the borrower of such transfer or assignment in writing "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party." 15 U.S.C. § 1641(g).

Summary judgment is warranted here for a number of reasons. Plaintiff has produced no admissible evidence that the Promissory Note was ever transferred to Defendant. Indeed, she admitted that Defendant was not a creditor under TILA with respect to her loan. *See Martinez-Bey v. Bank of Am., N.A.*, 3:12-CV-4986-G BH, 2013 WL 3054000, at *6 (N.D. Tex. June 18, 2013); *see also* DE 56 at 11. And even if there was a transfer, Plaintiff admitted that Defendant was not a creditor under TILA after that law went into effect in May 2014. There is nothing to support her claim that Defendant violated the requirements of TILA, and summary judgment in Defendant's favor is hence required.

### IV. Conclusion

For these reasons, the Court **GRANTS** the Motion for Summary Judgment of Defendant Lehman Brothers Holdings, Inc. [DE 65] and **DIRECTS** the Clerk of Court to enter judgment in

6

favor of Defendant Lehman Brothers Holdings, Inc. and against Plaintiff Fallon Fong.

SO ORDERED this 7th day of October, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:	All counsel of record
	Pro se Plaintiff